# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1342
Lower Tribunal No. 18-15594
_____

**G.C., The Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Denise Martinez-Scanziani, Judge.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for appellant.

Karla Perkins, for appellee Department of Children and Families; Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Laura J. Lee, Assistant Director of Appeals (Tallahassee), for appellee Guardian ad Litem (Tallahassee).

Before LOGUE, LINDSEY, and MILLER, JJ.

LOGUE, J.

G.C. appeals the decision terminating her parental rights over her minor son K.C. K.C. was sheltered and placed in the care of G.C.'s aunt and uncle two months after the child was born due to several incidents where the child was placed at risk when G.C. violated an in-home safety plan. G.C. was given a case plan with the goal of unification and provided services for two years. The Department of Children and Families filed a petition for termination of parental rights. After a three-day trial, the trial court granted the petition.

The trial court found that the Department had proved grounds for termination of G.C.'s parental rights under subsections 39.806(1)(c) (parent's continuing involvement threatens the child, irrespective of services); (1)(e)(1) (continuing abuse or neglect based on failure to substantially comply with case plan); (1)(e)(2) (material breach of case plan); and (1)(e)(3) (child in care for 12 of last 22 months and conditions for return not met), of the Florida Statutes (2021). The trial court further found that termination is in K.C.'s manifest best interests and is the least restrictive means to protect him from harm.

On appeal, G.C. does not contend that she is presently able to safely reunite with the child, and she admitted at trial that after two years of services she has not yet qualified for unsupervised visitation with the child. She

argues that she should have been provided additional, specialized services in light of her borderline personality disorder. G.C. did not raise this argument in the court below and even now, on appeal, fails to indicate with any precision what further services could have led to a different outcome. In any event, the record reflects that (1) G.C. was provided with services recommended by the two psychologists who diagnosed the borderline personality disorder and (2) her dyadic (parent-child) therapist provided her specialized individual therapy to address parenting issues related to her condition.

In these circumstances, the record supports the trial court's findings that G.C. has not substantially complied with the case plan and that termination of G.C.'s parental rights is the least restrictive means to protect K.C. from harm. See § 39.01(84) Fla. Stat. (2021)("'Substantial compliance' means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent."); S.M. v. Fla. Dep't of Child. & Fams., 202 So. 3d 769, 772 (Fla. 2016) ("The least restrictive means prong does not require the trial court to consider a permanent guardianship, instead of adoption, after the grounds for termination have been established by clear and

3

convincing evidence and reunification would not be in the manifest best interests of the child.").

Although not necessary to our decision, we note as an aside that the maternal aunt and uncle, who have been acting as K.C.'s caregivers for the last two and a half years, are willing to adopt K.C. See § 39.001(1)(h), Fla. Stat. (2021) (permanent placement should be achieved within one year); § 39.0136(1), Fla. Stat. (stating "time is of the essence for establishing permanency for a child in the dependency system" and time limitations are a right of the child).

Affirmed.